```
┌─────────────────────────────────────────────────────────┐
│            NOT FOR PUBLICATION WITHOUT THE                │
│          APPROVAL OF THE APPELLATE DIVISION               │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.      │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5045-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCUS PHILLIPS,

    Defendant-Appellant.

_____

Submitted June 21, 2017 — Decided September 1, 2017

Before Judges Fuentes and Koblitz.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 90-09-4369.

Marcus Phillips, appellant pro se.

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (LeeAnn Cunningham, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

On September 26, 1990, defendant Marcus Phillips was indicted by an Essex County grand jury and charged with codefendants Troy White and Artemus Terique Scott of committing first degree murder,

N.J.S.A. 2C:11-3a(1) and (2); third degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b; and second degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4a. Defendant was tried over six calendar days beginning on Tuesday, October 20, 1992, and ending on Wednesday, October 28, 1992. The jury found defendant guilty on all counts.

On November 12, 1992, the trial judge sentenced defendant on the murder conviction to a term of life, with thirty years of parole ineligibility, and imposed a concurrent term of five years on the third degree unlawful possession of a handgun. The second degree possession of a handgun for an unlawful purpose merged[1] with the murder conviction. Defendant appealed arguing, inter alia, that "[t]he trial court abused its discretion by imposing an excessive base sentence of life imprisonment." We affirmed defendant's conviction and sentence, concluding that defendant's arguments were "clearly without merit[.]" State v. Marcus Phillips, A-2588-92 (App. Div. Jan. 31, 1995) (slip op. at 2) (quoting R. 2:11-3(e)(2)).

---

[1] "The doctrine of merger is based on the concept that "an accused [who] committed only one offense . . . cannot be punished as if for two." State v. Tate, 216 N.J. 300, 302 (2013) (quoting State v. Davis, 68 N.J. 69, 77 (1975)).

On January 9, 1997, defendant filed his first post-conviction relief (PCR) petition alleging he was denied the effective assistance of trial and appellate counsel and the right to a fair trial because of jury misconduct. Defendant was assigned counsel to prosecute this PCR petition. Defendant sought an evidentiary hearing before the PCR judge, but the judge denied it. We rejected defendant's arguments and affirmed the denial of his first PCR petition. State v. Marcus Phillips, A-5165-97 (App. Div. Oct. 27, 1999) (slip op. at 3).[2] The Supreme Court denied defendant's petition for certification. State v. Phillips, 163 N.J. 76 (2000).

Defendant filed a second PCR petition on June 7, 2000. State v. Marcus Phillips, A-2442-00 (App. Div. Feb. 5, 2002) (slip op. at 2). Citing Rule 3:22-6(b), the PCR judge found defendant had not shown good cause for the assignment of counsel in this second PCR petition. Id. at 9. The judge also found defendant's claims were barred by either Rule 3:22-4, because the arguments had been

---

[2] In this opinion, we noted that on March 31, 1995, we granted defendant's motion to file a pro se supplemental brief in support of his direct appeal, which had been decided and released to the parties two months earlier on January 31, 1995. State v. Phillips, supra, slip op. at 3. Defendant raised two arguments in this pro se supplemental brief: (1) an unknown juror's comments to other jurors during recess required a hearing to determine whether defendant was denied his right to a fair trial, and (2) defendant's right to a fair trial was "abridged" when the court admitted a "highly prejudicial photograph[.]" Ibid. On May 2, 1995, we again affirmed defendant's conviction. Ibid.

decided in prior proceedings, or by <u>Rule</u> 3:22-5, because the arguments could have been raised in prior proceedings. <u>Id.</u> at 8. We agreed with the PCR judge, finding the argument raised attacking his decision "clearly has no merit." <u>Id.</u> at 11 (citing <u>R.</u> 2:11-3(e)(2)).

Undaunted, defendant thereafter filed a petition for a Writ of <u>Habeas Corpus</u> in the United States District Court of New Jersey, which denied the petition on October 12, 2005. <u>Phillips v. Moore</u>, No. 02-2120 (D.N.J. Oct. 11, 2005). On June 10, 2011, defendant filed a pro se motion to correct his sentence arguing that "<u>N.J.S.A.</u> 2C:11-3b is unconstitutionally ambiguous, and as a result, arbitrary and capricious sentences can [sic] be imposed against defendants who are convicted of similar crimes." In an order entered on June 8, 2016, Judge Richard T. Sules denied defendant's motion. Judge Sules explained his ruling in a statement of reasons incorporated as part of the order.

Defendant now appeals raising the following argument:

> POINT ONE
>
> DEFENDANT'S SENTENCE OF 30 YEARS TO LIFE IMPRISONMENT IS ILLEGAL AND UNCONSTITUTIONAL, IN THAT IT ALLOWS FOR UNEQUAL TREATMENT AMONGST SIMILARLY SITUATED DEFENDANTS IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

We reject this argument and affirm. No further elaboration is needed because defendant's argument is clearly without merit. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5045-15T4